[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action in mandamus, General Statutes S 52-485, requesting an order that the defendant zoning inspector of the Town of New Canaan issue a certificate of occupancy for premises owned by the plaintiff and located at 26 Forest Street in New Canaan. The plaintiff and defendant, as well as one Victor F. Christ-Janer, an architect, had previously entered into a stipulation with the defendant in a prior administrative appeal bearing docket no. CV 85-78574 in this court. The plaintiff claims that the ground floor of the building in question may be used for any purpose permitted in Retail Zone B, whereas the position of the defendant commission is that the ground floor is limited to retail shops.
The case was referred to the attorney trial referee program, General Statutes S 52-434 (a)4, Practice Book S 428 et seq., and the attorney trial referee, Edwin K. Dimes, Esq., recommended CT Page 7679 that judgment enter in favor of the plaintiff. The issue of whether the plaintiff is permitted to use the first floor for office purposes in an automobile sales agency depends on one's interpretation of the stipulation entered into between the plaintiff and the defendant in the previous action.
In his report the referee found that the plaintiff and the defendant did enter into a stipulation of settlement of the zoning appeal, which was the subject of a public meeting before the defendant commission. The stipulation was signed and was ultimately entered as a judgment by this court on August 12, 1988. It provided that the defendant and the defendant zoning inspector, Daniel Foley, would issue "all necessary zoning permits and approvals," so that the plaintiff, William J. Griffin III, could use the premises at 26 Forest Street "in accordance with local ordinances and regulations." There was no restriction in this stipulated judgment limiting plaintiff to any one particular use.
The referee conceded that Mr. Christ-Janer and some members of the defendant commission spoke in favor of only retail use on the first floor, and that a drawing submitted at the public hearing showed "Antiques" and "Florist" over the ground floor windows. The referee concluded, however, that the stipulated judgment was "clear and unambiguous and does not restrict the use of the first floor at 26 Forest Street to retail business."
The defendant filed timely motions to correct, Practice Book S 438, and objections, Practice Book S 440, emphasizing in each instance the intent of at least some members of the defendant commission to impose restrictions on the first floor. The display of the two signs shown in the drawings is also referred to by the defendant.
It is axiomatic that this court's authority in acting on an attorney trial referee's recommendations is limited. In Wilson Trucking Co. Inc. v. Mansour Builders. Inc., 20 Conn. App. 420,423, 567 A.2d 1250 (1989), cert. denied, 204 Conn. 804,573 A.2d 318 (1990), it was held that "a reviewing authority may not substitute its findings for those of the trier of the facts." To the same effect is Dills v. Enfield, 210 Conn. 705, 714,557 A.2d 517 (1989).
I believe that the referee's recommendations are sound and logical, and that there is no material error in his report or any other reason why it is unacceptable. Practice Book S 443. In the words of Practice Book S 440, the "conclusions of fact" were, in my opinion, "properly reached on the basis of the subordinate facts found." The stipulated judgment entered in this court did not restrict the plaintiff in any way from using his premises for CT Page 7680 any purpose permitted in this zone, including office use as requested.
Mandamus is proper in this instance because plaintiff has met the three part test prescribed by Hennessey v. Bridgeport,213 Conn. 656, 659, 569 A.2d 1122 (1990), viz., that the plaintiff has a clear legal right to the relief; that there is no discretion on the part of the defendant; and that there is no adequate remedy at law.
It therefore follows that the relief requested by plaintiff should be and hereby is granted, and the defendant building inspector is ordered to issue all approvals necessary for the plaintiff to use the ground floor at 26 Forest Street for office purposes.
So Ordered.
Dated at Stamford, Connecticut this 13th day of September, 1991.
WILLIAM B. LEWIS, JUDGE